**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**BILL A. PUZZOULI,**

      **Plaintiff,**                            Case No. 05-71777

vs.                                          HONORABLE DENISE PAGE HOOD

**TARGET CORPORATION,**
a Minnesota Corporation**,**

      **Defendant.**

_____/

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion for Summary Judgment under Fed. R. Civ. P. 56 on Plaintiff's Past, Present, and Future Wage Loss Claims and Loss of Earning Capacity Claims, Only filed January 12, 2006, and Defendant's Motion for Summary Judgment under Fed. R. Civ. P. 56 filed on January 23, 2006. Plaintiff filed his Brief in Opposition to Defendant's Motion for Summary Judgment under Fed. R. Civ. P. 56 on February 13, 2006.

Plaintiff Bill A. Puzzouli alleges in his Complaint filed in Wayne County Circuit Court on or about April 20, 2005, one count of negligence against Defendant Target Corporation. The instant matter was removed to this Court pursuant to 28 U.S.C. § 1441.

In its Motion, the Defendant asks this Court to grant its Motion for Summary Judgment under Fed. R. Civ. P. 56 on Plaintiff's Past, Present, and Future Wage Loss Claims and Loss of

1

Earning Capacity Claims, Only because they allege that Plaintiff has provided no proof of any damages, and has admitted suffering no such damages in his deposition. In its Motion for Summary Judgment, the Defendant asks this Court to grant its Motion for Summary Judgment under Fed. R. Civ. P. 56 because Defendant did not have notice of a defective condition, as such Plaintiff cannot demonstrate that the Defendant breached a duty owed to Plaintiff.

## II. STATEMENT OF FACTS

### Background

On December 10, 2003, Plaintiff went to a store location of the Defendant located at 15901 Ford Road, Dearborn, Michigan, Store #279. (Pl.'s Comp. at ¶ 4). Plaintiff selected a pair of pants to purchase, went to the men's dressing room, and tried on the pants. (Pl.'s Comp. at ¶ 5). As Plaintiff opened the door to the dressing room, the pin at the top of the door came loose, and the door struck him in the head. (Pl.'s Comp. at ¶ 5).

## III. STANDARD OR REVIEW

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d

43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

## IV.  APPLICABLE LAW & ANALYSIS

To establish a prima facie case of negligence, a plaintiff must introduce evidence sufficient to prove that: (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the defendan's breach of its duty was a proximate cause of the plaintiff's injuries, and (4) the plaintiff suffered damages. *Berryman v. K Mart Corp.*, 483 N.W.2d 642, 654 (Mich. 1992) (citing *Johnson v. Bobbie's Party Store*, 473 N.W.2d 796 (Mich. 1991); *Nolan v. Bronson*, 460 N.W.2d 284 (Mich. 1990)). A prima facie case of negligence may be established by use of legitimate inferences,

as long as sufficient evidence is introduced to take the inferences "out of the realm of conjecture." *Id*. (citing *Ritter v. Meijer, Inc.*, 341 N.W.2d 220 (Mich. 1983)).

The threshold issue of duty of care in a negligence action must be decided by the trial court as a matter of law. *Bunch*, 878 F. Supp. at 1047. (citing *Riddle v. McLouth Steel Prod.*, 485 N.W.2d 676 (Mich. 1992)); *Schollenberger v. Sears, Roebuck & Co.*, 925 F. Supp. 1239, 1242 (E.D. Mich. 1996).

The applicable Michigan law on premises liability provides that where the plaintiff is a business invitee, the premises owner has a duty to exercise due care to protect the invitee from dangerous conditions. *Schollenberger,* 925 F. Supp. at 1242. (citing *Riddle*, 485 N.W.2d at 681). In this regard, the Michigan courts have adopted the principles of premises liability articulated in Restatement (Second) of Torts § 343, which provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

*Id*. at 1242-1243. (citing Restatement (Second) of Torts § 343 (1965)) (citations omitted).

Michigan courts have recognized that where dangers giving rise to an invitee's injuries were known to the invitee or were so obvious that the invitee might reasonably be expected to have discovered them, an "invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee." *Id*. Where the risk of harm from the dangerous condition remains unreasonable, however, irrespective of its obviousness or the invitee's knowledge of it, Michigan courts have acknowledged that the open and obvious doctrine does not

4

relieve the invitor of its general duty of reasonable care. *Id*. (citations omitted). The general duty to protect or warn about known or obvious dangers is triggered only where some "special aspect" of the allegedly dangerous condition, such as its "character, location, or surrounding conditions," indicates that the risk of harm was unreasonable. *Id*. (citing *Bertrand v. Alan Ford, Inc.*, 537 N.W.2d 185 (Mich. 1995)). The invitor is relieved of its duty toward an invitee who is aware of the danger. *Id*. (citations omitted).

Additionally, Michigan has not explicitly adopted the doctrine of res ipsa loquitur, but follows a similar version of the doctrine, "entitl[ing] a plaintiff to a permissible inference of negligence from circumstantial evidence." *Jones v. Porretta*, 428 Mich. 132, 150, 405 N.W.2d 863 (Mich. 1987). *See also Burghardt v. Detroit United Ry.*, 206 Mich. 545, 173 N.W. 360, 361 (Mich. 1919). In Michigan,

> the happening of the accident alone is not evidence of negligence; . . . negligence may be established by circumstantial evidence, and . . . where the circumstances are such as to take the case out of the realm of conjecture and within the field of legitimate inferences from established facts that at least a *prima facie* case is made.

*Id*. at 545-46. *See also Barnowsky v. Helson*, 50 N.W. 989 (Mich. 1891); *Lipsitz v. Schechter*, 142 N.W.2d 1 (Mich. 1966).

The central inquiry for the role of circumstantial evidence is whether, "in light of all of the evidence - circumstantial, direct, or whatsoever it may be, the plaintiff has produced sufficient evidence from which a jury might make a finding of negligence." *McLennan*, 10 F. Supp.2d at 839. (citing *Lipsitz v. Schecter*, 142 N.W.2d 1 (Mich. 1966)).

Defendant argues that the Plaintiff cannot explain why the door suddenly fell, but only asserts that what caused it to fall was the fault of the Defendant. (Def. Target's Mot. for Summ. J.

5

under Fed. R. Civ. P. 56 at 15). Defendant contends that Plaintiff has produced no admissible evidence, after a full term of discovery, of why the door fell, or that the door falling was due to any negligence of Defendant's employees. (Def. Target's Mot. for Summ. J. under Fed. R. Civ. P. 56 at 15). The Defendant asserts that the Plaintiff cannot demonstrate the failure of the door was attributable to Defendant, since Plaintiff conducted no testing on the door, its hinges, its frame, but only proposes several unsupportable theories as to why the door came off the top hinge. (Def. Target's Mot. for Summ. J. under Fed. R. Civ. P. 56 at 15). The Defendant cites *Bunch v. Long John Silvers, Inc.*, 878 F. Supp. 1044 (E.D. Mich. 1995) for the proposition that Plaintiff must provide some evidence to support his theories about the malfunctioning of the door.

Plaintiff argues that although he has taken no depositions of Defendant, its employees, or retained an expert on causation, Defendant's negligence can be inferred from circumstantial evidence. (Pl.'s Br. in Resp. to Def.'s Mot. for Summ. J. under Fed. R. Civ. P. 56 at 10-11). In support, Plaintiff cites *McLennan v. Home Depot U.S.A., Inc.*, 10 F. Supp.2d 837 (E.D. Mich. 1998) where the court relied upon circumstantial evidence to deny a defendant's motion for summary judgment. Plaintiff contends that fitting room doors do not fall in the absence of someone's negligence, and that the falling fitting room door is a prima facie case for the jury. (Pl.'s Br. in Resp. to Def.'s Mot. for Summ. J. under Fed. R. Civ. P. 56 at 11).

Unfortunately, because Plaintiff did not take any depositions, retain an expert or otherwise provide competent evidence as to how Defendant breached its duty to Plaintiff, Plaintiff has produced insufficient circumstantial evidence "to take the case out of the realm of conjecture and within the field of legitimate inferences from established facts" to establish a prima facie case of Defendant's negligence. Further, the facts in the instant matter are distinguishable from *McLennan*.

In *McLennan*, plaintiff provided a safety consultant's report in support of her claim of negligence. *See McLennan*, 10 F. Supp.2d at 839. The report stated that the bricks which fell on the plaintiff were not displayed in a safe and reasonable manner and provided alternative ways the bricks should have been stored to provide more safety to customers. *Id.* In reaching its conclusion in *McLennan*, the court specifically stated:

> The testimony of the plaintiff provides that no one was touching the bricks when they fell. The testimony of the witness provides that a "pop" sound was heard just prior to the bricks falling. All of this testimony could lead to a reasonable inference that the bricks fell from the banded area after the wire band broke. *These circumstances together with the safety inspector's report place this case in the field of legitimate inferences for at least a prima facie case to be made*. (emphasis added).

*Id.* at 840.

Although Plaintiff testified that he did not observe anything peculiar about the fitting room door and Plaintiff's wife stated that she heard a "ping" sound when the fitting room door struck him, this does not establish that Defendant was aware of the dangerous condition created by the fitting room door. (Pl.'s Br. in Resp. to Def.'s Mot. for Summ. J. under Fed. R. Civ. P. 56, Ex. 1,2).. Plaintiff is correct in stating that Defendant has produced no evidence to demonstrate that it inspected its fitting room doors. However, this is not Defendant's burden to establish. *See Winfrey v. S.S. Kresge Co.*, 6 Mich. App. 504, 507, 149 N.W.2d 470 (1967). The Court notes that Plaintiff provided photographs of the fitting room door at Defendant's store and argues that these photographs demonstrate that Defendant's employees had prior knowledge of the loose screws to the hinge on the door. The photographs taken by Plaintiff however do not demonstrate this allegation, and are not dated. The Court does not find that this evidence produces a genuine issue of material fact as to whether Defendant's employees had knowledge of the alleged dangerous

7

condition posed by the fitting room door. As Plaintiff has failed to establish that Defendant breached its duty to Plaintiff, a discussion on causation and damages are irrelevant. The Court finds that Plaintiff has not produced sufficient circumstantial evidence to create a genuine issue of material fact as to Defendant's negligence, as such submission of this cause of action to the jury is unwarranted.

## V. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Motion for Summary Judgment under Fed. R. Civ. P. 56 **[Docket No. 17, filed January 23, 2006]** is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment under Fed. R. Civ. P. 56 on Plaintiff's Past, Present, and Future Wage Loss Claims and Loss of Earning Capacity Claims, Only **[Docket No. 15, filed January 12, 2006]** is MOOT.[1]

Dated: October 10, 2006　　　　　　　　/S/ DENISE PAGE HOOD
Detroit, Michigan　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

> **Proof of Service**
>
> The undersigned certifies that a copy of the foregoing Memorandum Opinion and Order was served on the attorneys of record herein by electronic means or U.S. Mail on **October 10, 2006**.
>
> s/Kim Grimes
> Acting in the absence of
> William Lewis, Case Manager

---

[1] On April 3, 2006, a Final Pretrial Order was filed in this matter. Both parties signed this Order, in which the Plaintiff waived his past, present and future wage loss and lost earning capacity claims.